**Frank Edward FANNIEL, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–00–00733–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 18, 2002.

Robert A. Jones, Houston, for Appellant.

Shirley Cornelius, Assistant District Attorney—Harris County, Houston, for State.

Panel consists of Justices COHEN, NUCHIA, and WILSON.*

## OPINION

WILSON, Justice.

Frank Edward Fanniel, Jr., appellant, was charged with the offense of possession of a controlled substance, namely cocaine, in an amount less than 28 grams, enhanced with the use or exhibition of a deadly weapon, namely, a firearm. Appellant pleaded guilty to the underlying offense and pleaded true to the deadly weapon paragraph in the indictment. The trial judge deferred entering an adjudication of guilt and placed him on community supervision for a period of seven years. Within the seven year period, the State filed its motion to adjudicate guilt, alleging appellant committed aggravated robbery and violated the terms of his community supervision by using cocaine and failing to pay certain supervisory fees. The trial court entered a judgment of guilty, sentenced him to 20 years confinement, and fined him $750. The trial court ordered that the sentence for cocaine possession was to begin after appellant completed his 22 year sentence for aggravated robbery.

When the trial court adjudicated guilt on the possession offense, it did not make an affirmative finding that appellant used or exhibited a deadly weapon. More than 30 days after the adjudication of guilt, the State filed a motion for judgment *nunc pro tunc* to include a finding that appellant used a deadly weapon in conjunction with his possession offense, and the trial court granted the motion. Appellant argues the trial court erred by entering a judgment *nunc pro tunc* because the failure to include the deadly weapon finding was not a clerical error. We reverse and render.

### Facts

At the *nunc pro tunc* hearing, both the trial judge and the prosecutor testified they recalled appellant pleading guilty to the possession offense and true to the deadly weapon enhancement, and the trial judge made the following findings:

> The [c]ourt finds based on the evidence that Mr. Fanniel, at the the time he entered his plea on March 16, 1994, entered a plea of guilty to the allegations, possession of a controlled substance, cocaine, weighing less than 28 grams, and entered a plea of true to the allegation on Paragraph 2 which followed that primary allegation, to wit: the defendant used and exhibited a deadly weapon, namely a firearm during the commission of or the immediate flight therefrom.
>
> . . .
>
> Let the record further reflect that at the time of the plea the [c]ourt found evidence to substantiate finding Mr. Fanniel guilty of [possession of a controlled substance] and further found evidence to substantiate finding the deadly weapon paragraph to be true; but the [c]ourt made no findings on March 16, 1994, instead placing the defendant on deferred adjudication for seven years.

---

* Justice Davie L. Wilson, who retired on March 31, 2002, continues to sit by assignment for the disposition of this case, which was submitted on February 4, 2002.

The [c]ourt of course, could make no finding of a deadly weapon paragraph and place the defendant on deferred adjudication; and it did not make any findings, only that there was evidence on his plea of true and evidence submitted in the form of a Waiver of Constitutional Rights, Stipulation of Evidence and Judicial Confession to make such a finding.

The question, I think, is it an administerial act that no discretion by the [c]ourt upon an adjudication of the defendant's deferred adjudication and his plea of guilty and true to make a finding of guilt and a finding of true.

. . .

The [c]ourt, the moment it pronounced sentence [adjudicated guilt], **did not** intend to make a deadly weapon finding because the [c]ourt was unaware that there had been a plea of true and that there was—to a deadly weapon paragraph and the [c]ourt was unaware that there was a deadly weapon paragraph on the underlying indictment in this cause to which he had entered a plea of true. . . . So in terms of my intent, my intent at that time was nonexistent because the [c]ourt was unaware.

(Emphasis added.)

In 1994, the trial court entered the Probation Order and Deferment of Adjudication of Guilt. The order showed that the plea to enhancement for using a deadly weapon was not applicable, because the trial court was deferring adjudication and not rendering judgment. The finding on the enhancement was marked "not applicable," and the affirmative finding on the deadly weapon was marked *not true* (the word "No" circled). However, the Judgment Adjudicating Guilt dated April 27, 2000 showed the plea to the enhancement was "not true," and the affirmative finding of a deadly weapon was "N/A."

**Discussion**

In his sole point of error, appellant argues the trial court erred by entering a judgment *nunc pro tunc* because its failure to include the deadly weapon finding was not a clerical error.

The purpose of a *nunc pro tunc* order is to correctly reflect, from the records of the court, a judgment actually made by it, but which for some reason was not entered of record at the proper time. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim.App.1988). A *nunc pro tunc* order may correct clerical errors in a judgment, but not judicial omissions or errors. *Id.;* *Smith v. State*, 15 S.W.3d 294, 299 (Tex. App.—Dallas 2000, no pet.); *State v. Gobel*, 988 S.W.2d 852, 853 (Tex.App.—Tyler 1999, no pet.); *Jiminez v. State*, 953 S.W.2d 293, 295 (Tex.App.—Austin 1997, pet. ref'd). A clerical error is one which does not result from judicial reasoning or determination. *Ex parte Poe*, 751 S.W.2d at 876. The determination as to whether an error is clerical or judicial is a question of law, and a trial court's finding or conclusion in this regard is not binding on an appellate court. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex.Crim.App. [Panel Op.] 1980); *Smith v. State*, 801 S.W.2d 629, 633 (Tex.App.—Dallas 1991, no pet.).

A judgment may be "entered" *nunc pro tunc* if it was in fact "rendered," but not recorded, at an earlier time. *See Jones v. State*, 795 S.W.2d 199, 200 (Tex. Crim.App.1990); *Davis v. Davis*, 647 S.W.2d 781, 782 (Tex.App.—Austin 1983, no writ). An express determination by the trier of fact that a deadly weapon was used or exhibited during the commission of the offense is necessary for entry of an affirmative deadly weapon finding. *Polk v. State*, 693 S.W.2d 391, 396 (Tex.Crim.App. 1985); *see also Graves v. State* 803 S.W.2d 342, 343 (Tex.App.—Houston [14th Dist.]

1990, pet. ref'd) (holding trial court's oral finding of guilt does not amount to affirmative finding that defendant used deadly weapon).[1]

The State argues that, under *Ex parte Poe*, 751 S.W.2d at 876, the trial court's failure to enter an affirmative finding on the deadly weapon allegation was a clerical error. In *Poe*, the jury found "the defendant guilty as charged in the indictment." *Ex parte Poe*, 751 S.W.2d at 875. The indictment alleged the defendant "did then and there intentionally and knowingly cause the death of an individual ... by shooting him with a handgun." *Id.* at 875–76. The Court of Criminal Appeals reasoned that the judgment *nunc pro tunc*, which added the deadly weapon finding, was a proper correction of a clerical error because Section 3f(a)(2) of article 42.12 of the Texas Code of Criminal Procedure requires a trial judge to incorporate such an affirmative finding into the judgment if the jury made such a finding. *Id.* at 875. *Poe*, however, is not applicable to appellant's case because it dealt with the probation of that defendant's sentence, and not deferred adjudication.

 Here, the evidence shows that the trial judge did not make an affirmative finding of the use of a deadly weapon, at any time until entering the judgment *nunc pro tunc*. The trial judge explicitly said she made no findings because, even though she had all of the needed evidence to make that finding, she decided to defer adjudication. Furthermore, the order to defer adjudication shows there was *no* affirmative finding on the deadly weapon paragraph. The judgment adjudicating guilt stated that the deadly weapon paragraph was not

applicable. Because the record shows the trial court never made an affirmative finding on the enhancement paragraph, we consider the trial court's omission to be a judicial error and not a clerical error. A judgment *nunc pro tunc* is improper when it has the effect of making a new order. *Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex.Crim.App.1986); *Dickson v. State*, 988 S.W.2d 261, 264 (Tex.App.—Texarkana 1998, pet. ref'd). A *nunc pro tunc* judgment made to correct a judicial error is void. *In re Fuselier*, 56 S.W.3d 265, 268 (Tex.App.—Houston [1st Dist.] 2001, no pet.).

We sustain appellant's sole point of error and hold the trial court's June 30, 2000 judgment *nunc pro tunc* was void.

### Conclusion

We vacate the judgment *nunc pro tunc* and render judgment, reinstating the trial court's judgment of April 27, 2000.

---

1. *See also Campos v. State*, 927 S.W.2d 232, 235–36 (Tex.App.—Waco 1996, no pet.) (holding an affirmative finding as to use of deadly weapon in written sentencing order was erroneous, where, although indictment charged defendant with use of deadly weapon and defendant stipulated that he had used deadly weapon, court did not pronounce defendant "guilty as charged in the indictment," and court specifically stated at sentencing proceeding that no such affirmative finding would be made).