COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ARTHUR STEWART, | § | No. 08-07-00140-CR |
| Appellant, | § | Appeal from the |
| v. | § | 120th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20060D02335) |
| | § | |

## **O P I N I O N**

This is an appeal from a jury conviction for the offense of aggravated robbery. The court assessed punishment at sixty years' imprisonment.

### I. SUMMARY OF THE EVIDENCE

The evidence adduced at the guilt/innocence stage of trial revealed that Appellant, in the company of Tessa McLane, drove to a bar on the west side of El Paso, on April 23, 2006. They went to the bar with the intention that McLane would lure a bar patron outside, whereupon they would rob him. McLane went into the bar, while Appellant hid in the back seat of the vehicle. The complainant accompanied McLane to the car and agreed to go to a store with her. She drove to a parking lot, and Appellant showed himself and pointed a gun at the complainant's temple. The complainant was told to empty his pockets. After Appellant hit the complainant in the head with the gun, McLane and Appellant took a cell phone, identification, keys, twenty-one dollars, and a hat. The complainant got out of the car, and the two drove off.

The jury returned a verdict, in which they found Appellant "guilty of the offense as charged

in the indictment." The jury was dismissed, and the court proceeded to hold a punishment hearing. At the punishment hearing, three enhancement paragraphs were read in open court, and Appellant entered a plea of "not true" to the enhancements.

The State presented the testimony of McLane, who stated that, after the first robbery, to which she had previously testified, she and Appellant proceeded to commit a second robbery at a different bar. Again, a gun was placed at the victim's head, and money and personal property were taken. At a later time, McLane told Appellant that she thought they would be apprehended. Appellant told her that he was not going to "go back" for anyone. McLane considered this to be a threat.

The complainant in the second robbery testified that McLane had asked him to go with her to a store, in order to buy cigarettes. While in McLane's car, Appellant put a gun to his head, and the complainant feared for his life. Appellant hit him in the head with the gun in order to cause the complainant to hand over his property more quickly. The complainant described Appellant's demeanor as being angry, shouting, and yelling.

Elizabeth Sena Quintana testified that Appellant had robbed her on October 23, 1988. After an argument with her boyfriend, she was walking on a public street at 1 a.m., when she noticed that Appellant was following her. After some interaction, he yanked at her purse and hit her across the face with his fist. She held on to her purse and screamed for help. Appellant got Quintana on the ground, and he placed one foot on her back and the other on her hand. He took her wallet, picked her up by her hair, and ripped her shirt and jacket. When another individual approached, Appellant ran off with Quintana's wallet.

The State presented evidence regarding Appellant's prior convictions for the offenses of burglary of a habitation, robbery, credit card abuse, a second robbery, unlawful possession of a

prohibited weapon, aggravated assault, forgery, and a second burglary of a habitation.

In addition to these offenses, there was testimony before the court that Appellant had committed jail infractions for hoarding medication and insubordination, based on his failure to wear a uniform while in a jail dining room or day area.

The State called a fingerprint expert, who testified that the known fingerprints of Appellant matched the fingerprints on the enhancement pen packets, as well as the prints on the other convictions. The exhibits pertinent to that testimony were admitted into evidence.

At the close of the punishment hearing on May 3, 2007, the court pronounced in open court a sentence of sixty years' imprisonment. A notice of appeal was filed on Appellant's behalf on May 23.

On May 30, the trial judge called a hearing, with both sides present. The judge stated that she had called the hearing to correct or amend the judgment which she had rendered on May 3. She reminded the parties that the jury had found Appellant guilty, and he had elected to have the judge assess punishment. After stating that she had sentenced him to sixty years' imprisonment, she added, "in reviewing the final judgment to be signed, I realized that I had not made the findings as to the enhancements and the deadly weapon."

Appellant's counsel questioned whether the court had jurisdiction to change those findings, since Appellant had already filed a notice of appeal. The court overruled that objection and stated that she had not yet signed the judgment, that she wanted to find the enhancements to be true, and that she wanted the judgment to reflect a finding of use of a deadly weapon.

The trial judge read the State's enhancement notice into the record . She then stated that she was amending the judgment to reflect that she was going to find all three enhancement paragraphs to be true and she was going to reflect in the judgment that the jury had made a deadly-weapon

finding. Appellant reasserted the same objection he had made previously, and the court overruled the objection.

The judgment was signed and entered on May 31. The judgment indicated a sentence of sixty years' imprisonment, and it included a finding of "true" for the enhancement allegations, and an affirmative finding of use of a deadly weapon, "to wit: a firearm."

## II.  DISCUSSION

In Appellant's sole issue on appeal, he asserts that the court erred in amending the judgment to include findings of "true" to the enhancement paragraphs and to include a finding of use of a deadly weapon, after judgment had been rendered and a notice of appeal filed. Specifically, Appellant contends that the inclusion of those two findings in the judgment is akin to the improper filing of a *nunc pro tunc* judgment, in that the errors that the court corrected were not clerical in nature.

The State concedes that the trial court lacked jurisdiction to add a finding of "true" to the enhancements. The trial court may not modify a sentence after the day sentence is pronounced, because the defendant has already begun to serve the sentence. *See State v. Aguilera*, 165 S.W.3d 695, 699 (Tex. Crim. App. 2005). When the accused has accepted the judgment and has performed a part thereof or has suffered some punishment as a result thereof, the court cannot change the judgment in any substantial respect. *Id.* at 699-700.

However, the State maintains that it was proper for the trial court to include a finding of use of a deadly weapon in the judgment. We agree. The jury is the appropriate fact-finder to determine whether the defendant used a deadly weapon. *See DeAnda v. State*, 769 S.W.2d 522, 523 (Tex. Crim. App. 1989) (citing *Polk v. State*, 693 S.W.2d 391, 394-95 (Tex. Crim. App. 1985)). There are three instances in which an affirmative finding of use of a deadly weapon may properly be made:

1. [T]he indictment specifically alleges the words "deadly weapon" in describing the weapon used and the verdict reads guilty "as charged in the indictment";

2. [T]he indictment names a weapon which is per se a deadly weapon, and the verdict reads guilty "as charged in the indictment"; or

3. [A] special issue is submitted during the punishment phase of trial to the trier of fact and answered affirmatively.

*Id.* (citing *Polk*, 693 S.W.2d at 394).

In the present case, the first and second instances apply. The indictment used the phrase "deadly weapon" and the jury's verdict read, "guilty of the offense as charged in the indictment." Also, the weapon was stated as being a "firearm," which is a deadly weapon *per se*. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(A).

When a judgment does not reflect the jury's findings, the remedy is to reform the judgment. *DeAnda*, 769 S.W.2d at 523; *Aguirre v. State*, 732 S.W.2d 320, 327 (Tex. Crim. App. [Panel Op.] 1987). It was proper to amend the judgment to include the jury's finding of the use of a deadly weapon. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.--Dallas 1991, pet. ref'd). Furthermore, TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) requires that an affirmative finding of use of a deadly weapon shall be entered in the judgment of the court.

Appellant cites *Fanniel v. State*, 73 S.W.3d 557, 560 (Tex. App.--Houston [1st Dist.] 2002, no pet.), in support of his contention that we should modify the judgment to remove the finding of use of a deadly weapon. In *Fanniel*, after pleading guilty to possession of a controlled substance and true to the enhancement paragraph alleging the use of a deadly weapon, the defendant was placed on deferred adjudication and subsequently adjudicated guilty. *Id.* at 558. At the time of adjudication, the trial court did not make an affirmative deadly-weapon finding. More than thirty days after adjudication, the trial court entered a judgment *nunc pro tunc* reflecting the deadly-weapon

finding. *Id.* At the *nunc pro tunc* hearing, the trial court confessed it had not entered a deadly-weapon finding, because it was unaware of the existence of the deadly weapon paragraph or of the appellant's plea of true. *See id.* at 558-59. Thus, in *Fanniel*, the purpose of the *nunc pro tunc* judgment was to add a deadly-weapon finding not made at the adjudication hearing. The *Fanniel* court emphasized that the trial court had never made an affirmative deadly-weapon finding before inserting one into the *nunc pro tunc* judgment. *See id.* at 560. In contrast, the trial court's judgment in this case reflects the jury's actual finding that appellant was "guilty of the offense as charged in the indictment." The judgment does no more than reflect the jury's pronouncement of use of a deadly weapon, and it was not error for the court to include an affirmative finding of use of a deadly weapon in the judgment.

Accordingly, we grant Issue No. One to the extent that we modify the judgment to delete any reference in the judgment indicating that there was a finding of "true" on the enhancements. We overrule that part of Issue No. One which asserts that we should modify the judgment to remove the affirmative deadly-weapon finding.

The actual punishment assessed of sixty years' imprisonment is a proper punishment for the offense of aggravated robbery. Aggravated robbery is a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03(a)(2). A first-degree felony has a punishment range of five to ninety-nine years or life imprisonment. TEX. PENAL CODE ANN. § 12.32(a).

Accordingly, we modify the judgment to delete any finding of "true" to the enhancement paragraphs. The judgment, as so modified, is affirmed.

### III. CONCLUSION

We affirm the judgment, as modified.

KENNETH R. CARR, Justice

September 11, 2008

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)