# NO. 12-10-00123-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| **GERALD LANE BOURQUE,** **APPELLANT** | § | **APPEAL FROM THE114TH** |
| **V.** | § | **JUDICIAL DISTRICT COURT** |
| **THE STATE OF TEXAS,** **APPELLEE** | § | **SMITH COUNTY, TEXAS** |

### *MEMORANDUM OPINION*

Gerald Lane Bourque appeals his conviction for intoxication manslaughter.   In one issue, Appellant argues that he received ineffective assistance of counsel.   We affirm.

### BACKGROUND

Appellant pleaded guilty as charged to the offense of intoxication manslaughter.   As part of the plea proceedings, Appellant pleaded true to the allegation that he used or exhibited a deadly weapon in the commission of the charged offense.   There was no plea agreement, and the offense is a second degree felony.[1]

During the sentencing hearing, Appellant's counsel asked the trial court to suspend any prison sentence and to place Appellant on community supervision.   The trial court considered that request.   However, the trial court ultimately determined that community supervision was not appropriate in this case and assessed a sentence of imprisonment for seventeen years.   This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. § 49.08(b) (Vernon Supp. 2010).

In his sole issue, Appellant argues that counsel was ineffective because he misunderstood the law regarding community supervision and requested community supervision when that option was not available to the trial court.

## Applicable Law

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires an appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065; *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Counsel's representation is not reviewed for isolated or incidental deviations from professional norms, but on the basis of the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

The second step requires the appellant to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must show that there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

We begin with the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). As part of this presumption, we presume counsel's actions and decisions were reasonable and were motivated by sound trial strategy. *See id*. An appellant has the burden of proving ineffective assistance of counsel. *See id*.

The *Strickland* test applies to an analysis of counsel's representation during the sentencing or punishment phase of a trial. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (overruling precedent holding that *Strickland* did not apply to sentencing hearings). In the context of an attorney who advises his client to have the trial court assess punishment under the mistaken belief that the trial court can assess community supervision, the court of criminal appeals has held that an attorney is not ineffective if the record does not show that (1) the defendant was otherwise eligible for community supervision, (2) there was no strategic reason to have the judge assess the sentence, (3) the defendant's decision not to seek community supervision was based on

2

counsel's erroneous advice, and (4) the defendant would have made a different decision if his counsel had correctly informed him of the law. *State v. Recer*, 815 S.W.2d 730, 731 (Tex. Crim. App. 1991).[2]

<u>Analysis</u>

Texas law provides two ways for a convicted person to serve a sentence for a felony offense that do not involve going to prison. Deferred adjudication community supervision is an option for certain offenses in which a defendant pleads guilty, but the trial court defers a finding on the issue of guilt for a period of time and places the person on community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 2(2)(A), 5 (Vernon Supp. 2010). Alternately, a jury or a trial court may assess a sentence of ten years or less, suspend that sentence, and place a defendant on community supervision. *See id*. art. 42.12 §§ 2(2)(B), 3, 4.

These alternatives to a prison sentence are subject to a variety of limitations. Accordingly, the decision to waive trial by jury for the sentencing phase of a trial can be very important, not only for the customary strategic reasons but also because of the differences between the sentencing options available to a judge or a jury. For example, neither a judge nor a jury may place a person convicted of the offense of murder on community supervision, but a judge may place a person on deferred adjudication community supervision for that offense. *See id*. art. 42.12 §§ 3g(a)(1)(A) (judge may not order community supervision for murder offense); 4(d)(8), 3(e)(2) (jury may not recommend community supervision for murder offense); 5(d) (murder not one of offenses for which deferred adjudication community supervision is unavailable).

A similar rule is the basis for Appellant's argument in this case. A trial court may not place a defendant on deferred adjudication community supervision for intoxication manslaughter and may not place a defendant on community supervision if the trial court has made an affirmative finding on a deadly weapon allegation. *See id*. art. 42.12 §§ 3g(a)(2), 5(d)(1)(A). On the other hand, a jury may recommend that a similarly situated defendant be placed on community supervision providing certain other requirements are met. *See id*. art. 42.12 §§ 4(d), 4(e). In such an instance, a trial court is required to follow that recommendation, although the court may send the defendant to prison for a short period of time before the community supervision begins if

---

[2] At the time the decision was reached in the *Recer* case, effective assistance of counsel during the sentencing phase of a trial was governed by a standard other than the familiar *Strickland* standard. *See Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex. Crim. App. 1980). Nevertheless, the factors outlined in the *Recer* decision continue to be cited and are consistent with the two step deficient performance/prejudice test set forth in *Strickland*.

the deadly weapon is a firearm.    *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(b).

Although there was no agreement for him to do so, Appellant pleaded true to the allegation in the indictment that he used or exhibited a deadly weapon in the commission of the offense. Appellant's counsel asked the trial court to suspend a prison sentence and place Appellant on community supervision. Counsel marshaled letters and other evidence to show that Appellant would be a good risk for community supervision, and his entire argument was devoted to requesting community supervision for Appellant. The State responded by stating that it was opposed to a community supervision and requesting the maximum executed sentence.

The trial court judge carefully explained her decision not to place Appellant on community supervision. The judge candidly stated that she regularly placed defendants on community supervision and explained why, despite the favorable evidence Appellant had presented, she would not place Appellant on community supervision. The judge did not describe her consideration of community supervision as if it was not an option by virtue of a deadly weapon finding. In fact, the judge found the deadly weapon allegation to be true only after she announced that she would not be suspending the sentence and placing Appellant on community supervision.

For this reason, we conclude that counsel's performance was not deficient. At the time counsel was arguing for community supervision, there had not been a finding on the deadly weapon allegation. Appellant had pleaded true to the allegation, but the trial court was not obligated to find that allegation to be true. *See Fanniel v. State*, 73 S.W.3d 557, 559-60 (Tex. App.–Houston [1st Dist.] 2002, no pet.); *Shute v. State*, 945 S.W.2d 230, 232 (Tex. App.–Houston [1st Dist.] 1997, pet. ref'd); *Campos v. State*, 927 S.W.2d 232, 235-36 (Tex. App.–Waco 1996, no pet.); *Ex parte Lucke*, 742 S.W.2d 818, 819–20 (Tex. App.–Houston [1st Dist.] 1987, no pet.).

As such, the trial court's consideration of community supervision was not foreclosed by a deadly weapon finding because no finding had been made. This reading of the hearing is consistent with Appellant's counsel's argument, with the position the State took–the prosecutor opposed community supervision but never argued that it was foreclosed by a deadly weapon finding–and with the court's careful consideration of the entire range of punishment, including a suspended sentence with community supervision.

Because community supervision was available at the time counsel recommended it, we cannot conclude that counsel misunderstood the relevant law or that his performance fell below an objective standard of reasonableness under prevailing professional norms. We overrule

Appellant's sole issue.

## THE TRIAL COURT'S JUDGMENT

We note that the judgment does not reflect the trial court's oral finding of the deadly weapon allegation to be true. Instead, in the space in the judgment for a finding on a deadly weapon allegation, the judgment reads "to-wit: [sic] a vehicle" but does not reflect an affirmative finding. As a general rule, when the oral pronouncement of sentence and the written judgment differ, the oral pronouncement controls. *See Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005). While a trial court has discretion to make a deadly weapon finding, entry of that finding into the judgment is not discretionary. *See* TEX. CODE CRIM. PROC. ANN. art. 3g(a)(2). The trial court orally pronounced an affirmative deadly weapon finding. That finding is lacking in the judgment because of what appears to be a typographical error. We have the power to correct a trial court judgment to make the record speak the truth when we have the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.–Houston [1st Dist.] 2001, no pet.).

## DISPOSITION

We *reform* the judgment to reflect an affirmative deadly weapon finding and *affirm* the judgment of the trial court as *modified*.

### SAM GRIFFITH
Justice

Opinion delivered May 18, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5