NO.
12-10-00123-CR

            

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

GERALD
LANE BOURQUE,                          §                 APPEAL FROM THE114TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                         

MEMORANDUM OPINION

            Gerald Lane Bourque appeals his conviction for intoxication
manslaughter.  In one issue, Appellant argues that he received ineffective
assistance of counsel.  We affirm.

 

Background

            Appellant
pleaded guilty as charged to the offense of intoxication manslaughter.  As part
of the plea proceedings, Appellant pleaded true to the allegation that he used
or exhibited a deadly weapon in the commission of the charged offense.  There
was no plea agreement, and the offense is a second degree felony.[1]
 

During
the sentencing hearing, Appellant’s counsel asked the trial court to suspend
any prison sentence and to place Appellant on community supervision.  The trial
court considered that request.  However, the trial court ultimately determined
that community supervision was not appropriate in this case and assessed a
sentence of imprisonment for seventeen years.  This appeal followed.  

 

Ineffective
Assistance of Counsel

            In his sole issue, Appellant
argues that counsel was ineffective because he misunderstood the law regarding
community supervision and requested community supervision when that option was
not available to the trial court.   

Applicable
Law

Claims
of ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 674 (1984).  The first step requires an appellant to
demonstrate that trial counsel’s representation fell below an objective
standard of reasonableness under prevailing professional norms.  See Strickland,
466 U.S. at 688, 104 S. Ct. at 2065; McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996).  Counsel’s representation is not
reviewed for isolated or incidental deviations from professional norms, but on
the basis of the totality of the representation.  See Strickland,
466 U.S. at 695, 104 S. Ct. at 2069.

The
second step requires the appellant to show prejudice from the deficient
performance of his attorney.  See Hernandez v. State, 988 S.W.2d
770, 772 (Tex. Crim. App. 1999).  To establish prejudice, an appellant must
show that there is a reasonable probability that the result of the proceeding
would have been different but for counsel’s deficient performance.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.  

We
begin with the strong presumption that counsel’s conduct falls within the wide
range of reasonable professional assistance.  See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  As part of this presumption, we
presume counsel’s actions and decisions were reasonable and were motivated by
sound trial strategy.  See id.  An appellant has the burden of
proving ineffective assistance of counsel.  See id.  

The
Strickland test applies to an analysis of counsel’s
representation during the sentencing or punishment phase of a trial.  See Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (overruling
precedent holding that Strickland did not apply to sentencing
hearings).  In the context of an attorney who advises his client to have the
trial court assess punishment under the mistaken belief that the trial court
can assess community supervision, the court of criminal appeals has held that
an attorney is not ineffective if the record does not show that (1) the
defendant was otherwise eligible for community supervision, (2) there was no
strategic reason to have the judge assess the sentence, (3) the defendant’s
decision not to seek community supervision was based on counsel’s erroneous
advice, and (4) the defendant would have made a different decision if his
counsel had correctly informed him of the law.  State v. Recer,
815 S.W.2d 730, 731 (Tex. Crim. App. 1991).[2]


Analysis

Texas
law provides two ways for a convicted person to serve a sentence for a felony
offense that do not involve going to prison.  Deferred adjudication community
supervision is an option for certain offenses in which a defendant pleads
guilty, but the trial court defers a finding on the issue of guilt for a period
of time and places the person on community supervision.  See Tex. Code Crim. Proc. Ann. art. 42.12
§§ 2(2)(A), 5 (Vernon Supp. 2010).  Alternately, a jury or a trial court may
assess a sentence of ten years or less, suspend that sentence, and place a
defendant on community supervision.  See id. art. 42.12 §§
2(2)(B), 3, 4.  

These
alternatives to a prison sentence are subject to a variety of limitations. 
Accordingly, the decision to waive trial by jury for the sentencing phase of a
trial can be very important, not only for the customary strategic reasons but
also because of the differences between the sentencing options available to a
judge or a jury.  For example, neither a judge nor a jury may place a person
convicted of the offense of murder on community supervision, but a judge may
place a person on deferred adjudication community supervision for that
offense.  See id. art. 42.12 §§ 3g(a)(1)(A) (judge may not order
community supervision for murder offense); 4(d)(8), 3(e)(2) (jury may not
recommend community supervision for murder offense); 5(d) (murder not one of
offenses for which deferred adjudication community supervision is unavailable). 


A
similar rule is the basis for Appellant’s argument in this case.  A trial court
may not place a defendant on deferred adjudication community supervision for
intoxication manslaughter and may not place a defendant on community
supervision if the trial court has made an affirmative finding on a deadly
weapon allegation.  See id. art. 42.12 §§ 3g(a)(2), 5(d)(1)(A). 
On the other hand, a jury may recommend that a similarly situated defendant be
placed on community supervision providing certain other requirements are met.  See
id. art. 42.12 §§ 4(d), 4(e).  In such an instance, a trial court is
required to follow that recommendation, although the court may send the
defendant to prison for a short period of time before the community supervision
begins if the deadly weapon is a firearm.  See Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(b). 

Although
there was no agreement for him to do so, Appellant pleaded true to the
allegation in the indictment that he used or exhibited a deadly weapon in the
commission of the offense.  Appellant’s counsel asked the trial court to
suspend a prison sentence and place Appellant on community supervision. 
Counsel marshaled letters and other evidence to show that Appellant would be a
good risk for community supervision, and his entire argument was devoted to
requesting community supervision for Appellant.  The State responded by stating
that it was opposed to a community supervision and requesting the maximum
executed sentence.

The
trial court judge carefully explained her decision not to place Appellant on
community supervision.  The judge candidly stated that she regularly placed
defendants on community supervision and explained why, despite the favorable
evidence Appellant had presented, she would not place Appellant on community supervision. 
The judge did not describe her consideration of community supervision as if it
was not an option by virtue of a deadly weapon finding.  In fact, the judge
found the deadly weapon allegation to be true only after she announced that she
would not be suspending the sentence and placing Appellant on community
supervision.

For
this reason, we conclude that counsel’s performance was not deficient.  At the
time counsel was arguing for community supervision, there had not been a
finding on the deadly weapon allegation.  Appellant had pleaded true to the
allegation, but the trial court was not obligated to find that allegation to be
true.  See Fanniel v. State, 73 S.W.3d 557, 559-60 (Tex. App.–Houston
[1st Dist.] 2002, no pet.); Shute v. State, 945 S.W.2d 230, 232
(Tex. App.–Houston [1st Dist.] 1997, pet. ref’d); Campos v. State,
927 S.W.2d 232, 235-36 (Tex. App.–Waco 1996, no pet.); Ex parte Lucke,
742 S.W.2d 818, 819–20 (Tex. App.–Houston [1st Dist.] 1987, no pet.).  

As
such, the trial court’s consideration of community supervision was not
foreclosed by a deadly weapon finding because no finding had been made.  This
reading of the hearing is consistent with Appellant’s counsel’s argument, with
the position the State took–the prosecutor opposed community supervision but
never argued that it was foreclosed by a deadly weapon finding–and with the
court’s careful consideration of the entire range of punishment, including a
suspended sentence with community supervision.

Because
community supervision was available at the time counsel recommended it, we
cannot conclude that counsel misunderstood the relevant law or that his
performance fell below an objective standard of reasonableness under prevailing
professional norms.  We overrule Appellant’s sole issue. 

 

The Trial Court’s
Judgment

We
note that the judgment does not reflect the trial court’s oral finding of the deadly
weapon allegation to be true.  Instead, in the space in the judgment for a
finding on a deadly weapon allegation, the judgment reads “to-wit: [sic] a
vehicle” but does not reflect an affirmative finding.  As a general rule, when
the oral pronouncement of sentence and the written judgment differ, the oral
pronouncement controls.  See Ex parte Huskins, 176 S.W.3d
818, 820 (Tex. Crim. App. 2005).  While a trial court has discretion to make a
deadly weapon finding, entry of that finding into the judgment is not
discretionary.  See Tex. Code
Crim. Proc. Ann. art. 3g(a)(2).  The trial court orally pronounced an
affirmative deadly weapon finding.  That finding is lacking in the judgment
because of what appears to be a typographical error.  We have the power to
correct a trial court judgment to make the record speak the truth when we have
the necessary data and information to do so.  See Tex. R. App. P. 43.2(b); Nolan v.
State, 39 S.W.3d 697, 698 (Tex. App.–Houston [1st Dist.] 2001, no
pet.).  

 

Disposition

            We
reform the judgment to reflect an affirmative deadly weapon
finding and affirm the judgment of the trial court as modified.

 

                                                                                    Sam Griffith

                                                                                         
Justice

 

 

 

Opinion delivered May 18, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

(DO NOT PUBLISH)

 









[1] See
Tex. Penal Code Ann. §
49.08(b) (Vernon Supp. 2010).





[2] At
the time the decision was reached in the Recer case, effective
assistance of counsel during the sentencing phase of a trial was governed by a
standard other than the familiar Strickland standard.  See Ex
parte Duffy, 607 S.W.2d 507, 516 (Tex. Crim. App. 1980).  Nevertheless,
the factors outlined in the Recer decision continue to be cited
and are consistent with the two step deficient performance/prejudice test set
forth in Strickland.