**Petition for Writ of Mandamus Denied and Memorandum Opinion filed July 10, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00560-CR

### IN RE ERWIN G. ROBERTSON, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1280514**

## MEMORANDUM OPINION

On June 18, 2012, relator Erwin G. Robertson filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Kevin Fine, presiding judge of the 177th District Court of Harris County, to grant his motion for judgment nunc pro tunc. We deny the petition.

On March 25, 2011, relator was convicted of possession of hydrocodone and sentenced, pursuant to a plea bargain agreement with the State, to eight years in the

Institutional Division of the Texas Department of Criminal Justice. In the judgment, under the heading, "Findings on Deadly Weapon," the trial court wrote, "True—yes, a firearm." On the second page of the judgment under the heading, "Furthermore, the following special findings or orders apply:" the trial court wrote, "Deadly Weapon. The court finds Defendant used or exhibited a deadly weapon, namely, a firearm, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited. Tex. Code Crim. Proc. art. 42.12 § 3g."

Relator subsequently filed a motion for judgment nunc pro tunc complaining of the court's deadly-weapon finding. A document from the Harris County District Clerk reflects that on May 11, 2012, the trial court denied relator's motion. A notation from the district clerk reflects that "The findings were made by the court and the signature accompanying the findings are that of the Presiding Judge." Relator filed this mandamus proceeding in which he asks this court to compel the trial court to grant his motion for judgment nunc pro tunc in compliance with article 42.12 of the Texas Code of Criminal Procedure.

The Court of Criminal Appeals has determined that matters that may be raised and resolved by nunc pro tunc proceedings are appropriately remedied by requiring a defendant to present the issue to the trial court by way of a nunc pro tunc motion as relator has done here. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). Review of the trial court's action or inaction on the motion for judgment nunc pro tunc is by way of petition for writ of mandamus to the court of appeals. *Id.* at 149.

In this case, however, relator has not provided this court with a sufficient record to establish that he is entitled to relief. *See* Tex. R. App. P. 52 .7. Such a record would have to demonstrate that relator's motion for judgment nunc pro tunc was to correct a clerical error. A nunc pro tunc order may correct clerical errors in a judgment, but not

2

judicial omissions or errors resulting from judicial reasoning. *Compare Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) (trial court's entry of judgment nunc pro tunc to reflect jury's finding of deadly weapon was proper because omission in original judgment was clerical error), *with Fanniel v. State*, 73 S.W.3d 557, 559 (Tex. App.— Houston [1st Dist.] 2002, no pet.) (trial court's entry of judgment nunc pro tunc to include affirmative finding of deadly weapon was improper because absence of such finding in original judgment was result of judicial reasoning, rather than clerical error). Relator has failed to show that the alleged error in the judgment was the result of clerical error rather than judicial reasoning.

Relator has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Frost, McCally, and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).

3