

## NUMBER 13-11-00019-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**JESUS DAVID HERNANDEZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 197th District Court of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Jesus David Hernandez, appeals the trial court's denial of his motion for new trial and entry of two judgments nunc pro tunc, contending by one issue that the judgments nunc pro tunc corrected judicial rather than clerical errors.[1]   We affirm.

---

[1]   The Texas Court of Criminal Appeals has now held that "*nunc pro tunc* judgments are appealable orders" so long as "the appeal is timely filed."   *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012). Given that appellant timely filed his appeal, we have jurisdiction to consider his challenge.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On January 29, 2001, appellant pleaded *nolo contendere* to indecency with a child.[3] At appellant's plea hearing, the court admitted two exhibits, one of which was appellant's statement to the police.[4] In it, appellant discussed the events giving rise to the indecency charge. Appellant recounted:

> Eventually I got on top of her and was making out with her. We both had our clothes on. By making out I mean just kissing and touching each other. I was just rubbing her back and I think I also rubbed her between her legs but I did not touch her crotch area . . . . We went into the bathroom and we closed and locked the door. The lights were on at first but I eventually turned them off. We laid [sic] down on the floor and I was on top of [her]. I had unzipped my pants but did not pull them off. We were about to have sex when [she] told me no. So we did not have sex but we continued to make out. I remember rubbing her crotch area once over her shorts, [and she] had her arms around me.

On March 2, 2001, the trial court signed an order of deferred adjudication and placement on community supervision. The court described the offense as "Aggravated Sexual Assault of a Child / 1 Count Indecency (Lesser Included Offense)" and entered "First Degree Felony" in the blank provided for "Degree or Class of Offense."

On November 1, 2001, the trial court revoked appellant's community supervision after appellant pleaded true to violating several community-supervision conditions. In the court's judgment revoking supervision, the trial court described the offense as "Aggravated Sexual Assault of a Child" and listed on a separate line, "1 Count Indecency (Lesser Included

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[3] Appellant also pleaded *nolo contendere* to aggravated sexual assault of a child. This offense was heard at the same plea hearing, but involved a different victim. This appeal concerns only the indecency with a child conviction and judgment.

[4] Appellant made two statements to the police. The statement germane to this appeal is appellant's second statement, which is State's Exhibit Number 2.

Offense)." In the blank provided for "Degree of Offense," the court again entered: "First Degree Felony." The court sentenced appellant to ten years' confinement in the Texas Department of Criminal Justice, Institutional Division.

On March 22, 2010, the trial court signed the following: (1) Order of Deferred Adjudication, Placement of Community Supervision, Nunc Pro Tunc; and (2) Judgment Revoking Supervision, Sentence to Institutional Division, Nunc Pro Tunc. In each, the court identically modified the respective offenses from the 2001 deferred-adjudication order and the 2001 community-supervision-revocation judgment, so that the offenses appeared in two distinct counts:

"**Aggravated Sexual Assault of a Child - Count I and**

**Lesser Included Offense of Indecency of a Child - Count II**."

In each, the court again entered "First Degree Felony" as the "Degree or Class of Offense."

On August 12, 2010, the trial court signed two additional judgments nunc pro tunc adjudicating guilt, thereby separating the two distinct offenses into independent judgments nunc pro tunc. In the judgment nunc pro tunc for the now-stand-alone indecency with a child conviction, the court entered "21.11 Penal Code" and "3rd Degree Felony" in the respective blanks.

On October 26, 2010, the trial court signed yet another judgment nunc pro tunc adjudicating guilt regarding the indecency with a child offense. In this judgment nunc pro tunc, the court changed the degree of the offense from a third degree felony to a second degree felony.

On November 16, 2010, appellant filed a motion for new trial, complaining of the October 26, 2010 judgment nunc pro tunc. Appellant argued that the trial court should set

3

aside its October 26, 2010 judgment nunc pro tunc because "there is no clear and convincing evidence to demonstrate that the Court, at the time the original judgment was entered, intended that the offense to which Defendant pleaded to regarding Count II in the plea agreement was to be a second degree felony rather than a third degree felony."

On December 8, 2010, the trial court held a hearing on appellant's motion for new trial. During the hearing, appellant argued that the October 26, 2010 judgment nunc pro tunc improperly corrected a judicial error because there was no record evidence specifying whether the indecency charge was by contact, a second degree felony, or by exposure, a third degree felony. After the hearing, the court denied appellant's motion for new trial. However, the court entered a new judgment nunc pro tunc adjudicating guilt on appellant's indecency with a child offense, thereby changing the section reference from "21.11 Penal Code" to "21.11(a)(1) Penal Code."[5] The new judgment retained the "2nd Degree Felony" designation. Appellant appealed the trial court's October 26, 2010 and December 8, 2010 *nunc pro tunc* judgments.[6] The trial court certified his appeal.

## II.     STANDARD OF REVIEW AND APPLICABLE LAW

The purpose of a judgment nunc pro tunc is to provide a method for trial courts to

---

[5] Subsection (a)(1) creates an offense for "contact," whereas Subsection (a)(2) creates an offense for "exposure." The statute reads, in relevant part:

> A person commits an offense if, with a child younger than 17 years and not the person's spouse, whether the child is of the same or opposite sex, the person: (1) engages in sexual contact with the child or causes the child to engage in sexual contact; or (2) with intent to arouse or gratify the sexual desire of any person: (A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or (B) causes the child to expose the child's anus or any part of the child's genitals.

TEX. PENAL CODE ANN. § 21.11(a) (West 2011). "An offense under Subsection (a)(1) is a felony of the second degree and an offense under Subsection (a)(2) is a felony of the third degree." *Id.* § 21.11(d).

[6] Appellant did not challenge any of the preceding four *nunc pro tunc* orders/judgments.

correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. TEX. R. APP. P. 23.1; *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012). The corrections must reflect the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment. *Blanton*, 369 S.W.3d at 898; *see also Smith v. State*, 15 S.W.3d 294, 298 (Tex. App.—Dallas 2000, no pet.) (noting Latin phrase "nunc pro tunc" means "now for then" and describes the trial court's inherent power to make its records speak the truth).

A judgment nunc pro tunc is improper if it modifies, changes, or alters the original judgment pronounced in the court, or has the effect of making a new order. *Blanton*, 369 S.W.3d at 898. Furthermore, judgments nunc pro tunc may not be used by a court to change the record to reflect what the court believes should have occurred in the original proceeding. *Id.* Instead, corrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning. *Id.*; *see Maldonado v. State*, No. 13-00-00353-CR, 2001 Tex. App. LEXIS 6087, at *5 (Tex. App.—Corpus Christi Aug. 31, 2001, no pet.) (not designated for publication). The determination of whether an error is clerical or judicial is a matter of law, and a trial court's finding or conclusion in this regard is not binding on an appellate court. *Fanniel v. State*, 73 S.W.3d 557, 559 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. [Panel Op.] 1980)).

### III. DISCUSSION

Appellant argues that the trial court improperly corrected a "judicial error" and not a "clerical error" when it signed judgments nunc pro tunc which indicated that the indecency

with a child offense was by "contact." We disagree.

No criminal offense exists for mere indecency with a child; indecency is by either contact or exposure. *See* TEX. PENAL CODE ANN. § 21.11(a)(1)–(2). Thus, when the trial court accepted appellant's plea, deferred adjudication of his guilt, and revoked his community supervision, its express reference to "indecency with a child" was either a reference to indecency by contact or by exposure.

During the 2001 hearing, the trial court admitted appellant's statement in which appellant acknowledged that he made sexual contact with the minor who was the victim in appellant's indecency with a child conviction. "Sexual Contact" includes "any touching of any part of the body of a child, including touching through clothing, with . . . any part of the genitals of a person" and "any touching of any part of the body of a child, including touching through clothing, with . . . any part of the genitals of a person." *Id.* § 21.11(c)(1), (2). In appellant's statement, he admits that he had his pants unzipped and was on top of the minor and "rubbed her crotch area once over her shorts . . . ." These statements show that appellant engaged in "sexual contact with the child or cause[d] the child to engage in sexual contact." *See Id.* § 21.11(a)(1). Therefore, the record shows that the court's omission in the original judgment was clerical, and not judicial, given that the applicable evidence consisted of an admission of indecency by contact and not by mere exposure.

We hold that the December 8, 2010 judgment nunc pro tunc adjudicating guilt correctly reflects the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment. In so holding, we need not further address the October 26, 2010 judgment nunc pro tunc adjudicating guilt. *See* TEX. R. APP. P. 47.1. Appellant's sole issue on appeal is overruled.

6

## IV.     Conclusion

We affirm the trial court's December 8, 2010 judgment nunc pro tunc adjudicating guilt.

                                          _____
                                          GREGORY T. PERKES
                                          Justice

Do not publish.   TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of November, 2012.