# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00382-CV

## In re Jorge Oracio Benavides

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Jorge Oracio Benavides, an inmate proceeding pro se, has filed a petition for writ of mandamus, asking this court to compel the 277th District Court of Williamson County to delete its deadly-weapon findings from Benavides's 2009 judgments of conviction for the offenses of engaging in organized criminal activity and aggravated kidnapping. According to Benavides, during the hearing at which he had pleaded guilty to committing those offenses, the State failed to prove that he had used or exhibited a deadly weapon. Benavides also asserts that he has no adequate remedy at law to challenge the deadly-weapon findings because he waived his right to appeal his convictions when he pleaded guilty, and the Court of Criminal Appeals has denied his application for writ of habeas corpus.[1]

In criminal cases, "mandamus relief is appropriate only when a relator establishes (1) that he has no adequate remedy at law to redress his alleged harm, and (2) that what he seeks to

---

[1] *See* Tex. Code Crim. Proc. art. 11.07.

compel is a ministerial act, not a discretionary or judicial decision."[2] "The second prerequisite, the ministerial-act requirement, is satisfied if the relator can show a clear right to the relief sought."[3] "A clear right to relief is shown when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles."[4] "If the relator fails to satisfy either aspect of this two-part test, then relief should be denied."[5]

Assuming without deciding that Benavides has established that he has no adequate remedy at law, we cannot conclude on this record that the district court has a ministerial duty to delete the deadly-weapon findings from Benavides's judgments of conviction, for at least two reasons. First, the record does not reflect that, prior to filing his petition for writ of mandamus with this Court, Benavides filed a motion with the district court asking it to delete the deadly-weapon findings from the judgments. A trial court has a ministerial duty to rule on a properly filed motion within a reasonable time, but that duty is not triggered until after a motion has been filed and brought to the trial court's attention.[6] In the absence of a properly filed motion, we cannot conclude that any such duty has been triggered here.

---

[2] *In re Allen*, 462 S.W.3d 47, 49 (Tex. Crim. App. 2015) (citing *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011)).

[3] *In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014).

[4] *Id*.

[5] *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

[6] *See id*.; *Ex parte Ybarra*, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004); *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

Second, even if Benavides had asked the district court to delete the deadly-weapon findings from the judgments of conviction, we could not conclude on this record that the district court had a ministerial duty to do so. "A judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered."[7] However, "[t]he corrections must reflect the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment."[8] "Corrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning."[9] Thus, "a nunc pro tunc judgment is improper if it modifies, changes, or alters the original judgment pronounced in court, or has the effect of making a new order."[10]

Here, the record shows that at the conclusion of Benavides's plea hearing, the district court made an affirmative finding that a deadly weapon had been used during the commission of the offenses. Thus, it was not a clerical error to include the deadly-weapon findings in the written judgments of conviction, and, consequently, the district court cannot delete those findings from the judgments.[11]

---

[7] *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) (citing *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980)); *see In re Cherry*, 258 S.W.3d 328, 333 (Tex. App.—Austin 2008, orig. proceeding).

[8] *Blanton v. State*, 369 S.W.3d 894, 898 (Tex. Crim. App. 2012) (citing *Jones v. State*, 795 S.W.2d 199, 200 (Tex. Crim. App. 1990)).

[9] *Id*. (citing *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988)).

[10] *Id*. (citing *Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986)).

[11] *See Poe*, 751 S.W.2d at 876; *Fanniel v. State*, 73 S.W.3d 557, 559–60 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Curry v. State*, 720 S.W.2d 261, 262–63 (Tex. App.—Austin 1986, pet. ref'd); *see also Guthrie-Nail v. State*, 506 S.W.3d 1, 4–7 (Tex. Crim. App. 2015) (discussing

We cannot conclude on this record that Benavides has a clear right to the relief sought. Accordingly, the petition for writ of mandamus is denied.[12]

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Filed: June 26, 2018

---

procedural requirements for making deadly-weapon findings following bench trials); *In re Malone*, No. 05-14-01458-CV, 2014 Tex. App. LEXIS 12890, at *2–6 (Tex. App.—Dallas Dec. 2, 2014, orig. proceeding) (characterizing mandamus petition in similar case as impermissible "collateral attack[] on the judgment rather than complaint[] regarding a clerical error").

[12] *See* Tex. R. App. P. 52.8(a).