**Ex parte James Edward DICKERSON.**

**No. 69527**

Court of Criminal Appeals of Texas, En Banc.

Jan. 29, 1986.

Melinda Hoyle Bozarth, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

**OPINION**

MILLER, Judge.

This is a post-conviction application for writ of habeas corpus brought pursuant to Art. 11.07, V.A.C.C.P.

On March 22, 1982, applicant pled guilty to a charge of theft of goods valued greater than $200.00 but less than $10,000.00. The trial court assessed punishment at five years in the Texas Department of Corrections, but suspended the sentence and placed applicant on five years probation. On June 22, 1982, the State filed a motion to revoke probation. On March 28, 1983, applicant was arrested in Massachusetts on a fugitive from justice warrant issued by the State of Texas. He was held in that state for two months, and was released. Applicant was later apprehended on November 21, 1983, and was extradited to Texas. On February 6, 1984, applicant's probation was revoked and punishment was assessed at five years imprisonment.

On July 25, 1984, applicant filed a writ of habeas corpus in the 132nd District Court of Scurry County, alleging that he had been denied credit for 63 days spent in the Massachusetts jail. On October 3, 1984, an evidentiary hearing was held whereupon the trial court entered a nunc pro tunc

order awarding applicant additional credit for the time served in Massachusetts. In addition to this correction, the trial court assessed $900.00 court costs against applicant for the expenses incurred when the sheriff had to go to Massachusetts to take applicant into custody. Applicant seeks a writ of habeas corpus based upon the $900.00 additional court costs assessed him at the evidentiary hearing, and requests that he be released from liability thereunder.

The nunc pro tunc order entered by the trial court at the hearing states that "the Court further finds that Nine Hundred Dollars ($900.00) have been incurred as costs of court in connection with this case that have not heretofore been assessed...." The original order entered by the court made no mention of future court costs should a motion to revoke probation be filed and granted.

"Nunc Pro Tunc" literally means "Now for then," and describes the inherent power possessed by a court to make its records speak the truth by correcting the record at a later date to reflect what actually occurred at trial. *Wislon v. State*, 677 S.W.2d 518 (Tex.Cr.App.1984); *Ex parte Hatfield*, 156 Tex.Cr.R. 92, 238 S.W.2d 788 (1951). As we stated in *Miers v. State*, 157 Tex.Cr.R. 572, 251 S.W.2d 404, at 408 (1952) (appellant's motion for rehearing);

> "It is not the purpose of a nunc pro tunc order to make, nor does it have the legal effect of making, a new and an independent order and entering that new order of record as to a transaction having occurred at a prior date."

Thus, a nunc pro tunc entry may be made to correct a judgment to properly reflect the actual order, but may not be used to modify or add additional provisions to an order previously entered.

In the case at bar, there was no provision for additional cost assessment in the original order as a result of a motion to revoke probation. Thus, the trial court had no incorrect order to correct, except for the discrepancy regarding the time served in the Massachusetts jail, and had no authority to add assessment of additional costs to the punishment originally prescribed. The trial court erred by entering the additional cost assessment.

The relief prayed for is hereby granted, and the applicant's liability from that portion of the order imposing additional court costs in the amount of $900.00 is hereby discharged. A copy of this order is to be forwarded by the Clerk of this Court to the Texas Department of Corrections.