In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00009-CR
______________________________


CHANCE COOPER, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the County Court
Tyler County, Texas
Trial Court No. 03-288


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Chance Cooper has filed a motion asking this Court to dismiss his appeal. Cooper has
personally signed the motion, as has a representative of the State. Pursuant to Tex. R. App. P. 42.2,
we grant Cooper's motion.
Â Â Â Â Â Â Â Â Â Â Â Â We dismiss the appeal.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted: Â Â Â Â Â Â Â Â Â May 10, 2005
Date Decided: Â Â Â Â Â Â Â Â Â Â Â Â May 11, 2005

Do Not Publish



d="false" Name="Medium List 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No.
06-10-00031-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
RE:Â  WENDELL WATSON

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Original
Mandamus Proceeding

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before
Morriss, C.J., Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum
Opinion by Justice Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Wendell Watson has filed a second
petition seeking a writ of mandamus against the judge of the 123rd Judicial District
Court of Panola County.Â  In this petition,
he lists a number of complaints and asks this Court to take various actions
based on those complaints.Â  He
specifically complains because the trial judge refused to make a written ruling
commemorating his verbal denial of WatsonÂs motion to correct the record nunc
pro tunc, and argues that he is entitled to a mandamus compelling the judge to
reduce his ruling to writing.Â  

Â Â Â Â Â Â Â Â Â Â Â  There are a number of cases
authorizing the use of a mandamus proceeding to obtain a ruling based on the
general concept that a trial judge must consider and
rule on a motion brought to the courtÂs attention within a reasonable amount of
time. Â In re Blakeney, 254 S.W.3d 659, 662 (Tex. App.ÂTexarkana 2008,
orig. proceeding); In re Bonds, 57 S.W.3d 456, 457 (Tex. App.ÂSan
Antonio 2001, orig. proceeding).Â 
Further, in some circumstances, a mandamus is available to address a
trial judgeÂs ruling on a motion for entry of a judgment nunc pro tunc. Â In re
Bridges, 28 S.W.3d 191, 195 (Tex. App.ÂFort Worth 2000, orig. proceeding). 

Â Â Â Â Â Â Â Â Â Â Â  A nunc pro tunc order is used by a
court to make its records speak the truth by correcting the judgment at a later
date to reflect what actually occurred at trial.Â  Ex
parte Dickerson, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986).Â  Nunc pro tunc orders may be used only to
correct clerical errors in judgments in which no judicial reasoning contributed
to their entry, and for some reason were not entered of record at the proper
time.Â  Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986); State v. Bates, 889 S.W.2d 306, 309
(Tex. Crim. App. 1994).Â  

Â Â Â Â Â Â Â Â Â Â Â  There is no recognition either in the
cases or in the rules for the concept of a motion or an order by the trial
judge to correct an appellate record Ânunc pro tunc,Â as opposed to an order
entered by the judge to correct its own judgment.Â  Tex.
R. Civ. P. 316.Â  Further, Rule 316
of the Texas Rules of Civil Procedure, allowing for the correction of clerical
mistakes in the record of any judgment (nunc pro tunc), applies only to final
judgments. Â In re Lausch, 177 S.W.3d 144, 151 (Tex. App.ÂHouston [1st Dist.]
2005, orig. proceeding). 

Â Â Â Â Â Â Â Â Â Â Â  This, however, does not involve a
request for a judgment nunc pro tunc.Â  It
instead seeks correction of alleged shortfalls in the appellate clerkÂs
record.Â  Supplementation of an incomplete
appellate record, or correction of an appellate record in which pages are
omitted, is made through application of Tex.
R. App. P. 34.5(c)(1), (d), (h).Â 
The request made of the trial judge was not one contemplated or
authorized by the rules, and we will therefore not conclude that he abused his
discretion either by refusing to sign a written order thereon, or by verbally
denying the motion.

Â Â Â Â Â Â Â Â Â Â Â  Watson also complains in passing
that the Panola County Law Library is not adequate to meet his needs.Â  He has directed us to neither an authority
requiring a particular level of library facility to be maintained by a county,
nor is it apparent how a mandamus against the trial judge would be available
for such a complaint.

Â Â Â Â Â Â Â Â Â Â Â  Mandamus relief is appropriate only
if the court clearly abused its discretion and the relator has no adequate
remedy by appeal.Â  In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex. 2008) (orig.
proceeding); In re Prudential Ins. Co. of
Am., 148 S.W.3d 124, 135Â36 (Tex. 2004) (orig. proceeding).Â  After reviewing the mandamus record and
petition, we conclude that the relator failed to establish his entitlement to
mandamus relief.Â  Accordingly, we deny the
petition for writ of mandamus.

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  May 5, 2010

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  May 6, 2010

Â