NO. 07-07-0450-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 30, 2007
_____

IN RE RODGER WAYNE MITCHELL
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

In his petition for writ of mandamus, relator Rodger Wayne Mitchell contends the trial court wrongly denied his motion nunc pro tunc to vacate the portion of its judgment cumulating his sentences in cause numbers A3024-0506 and A2823-0205. He seeks this court's order "direct[ing]" the trial court to grant the requested relief. For the reasons that follow, we deny relator's petition.

This is relator's second request for mandamus relief on his claim of wrongful cumulation of sentences. We denied his prior petition on grounds specified in our opinion of October 3, 2007. Among the bases for denial of relator's prior petition was the absence of a proper appendix of relevant documents. To the petition now before us, relator has attached certified copies of the court's docket sheet and indices from the clerk's office identifying documents on file in relator's underlying prosecutions. Relator has not provided

us with copies of his motion for judgment nunc pro tunc and the court's responsive order. Rule 52.3 requires the appendix to a petition for writ of mandamus contain a certified or sworn copy of any order of which the relator complains. Tex. R. App. P. 52.3 (j)(1)(A). A relator is obligated to bring forth a record sufficient to establish relief by mandamus and in its absence a petition will be denied. *See In re Fox,* 141 S.W.3d 795, 797 (Tex.App.–Amarillo 2004, orig. proceeding). The deficiencies in the mandamus record relator presents would require us to deny his petition.

Despite the inadequacy of the mandamus record, however, we have considered the entirety of relator's petition. Our review of it compels the conclusion also that, even with a proper record, this court would be precluded from granting the relief relator seeks.

To obtain relief by mandamus in a criminal matter the relator must show: (1) there is no adequate remedy at law, and (2) the act sought to be compelled is ministerial rather than discretionary. *Skeen v. Kent,* 932 S.W.2d 585, 588 (Tex.App.–Tyler, 1995, orig. proceeding) (*citing, inter alia*, *Ordunez v. Bean,* 579 S.W.2d 911, 913 (Tex.Crim.App. 1979)). It is possible relator here could satisfy the first requirement. There is authority holding that no right of direct appeal lies upon a trial court's denial of a motion for judgment nunc pro tunc. *Everett v. State,* 82 S.W.3d 735 (Tex.App.–Waco 2002, pet. dism'd). But we would be unable in any event to find that entry of the nunc pro tunc judgment relator seeks is a ministerial act. A duty is ministerial which is "clearly fixed and required by law; is unequivocal, unconditional and present*." State ex rel. Wade v. Mays,* 689 S.W.2d 893, 899 (Tex.Crim.App. 1985) (internal citations and quotation marks omitted).

Not only is entry of the judgment nunc pro tunc relator seeks not required by law, it would be contrary to law. "Nunc pro tunc" literally means "now for then." *State v. Bates,* 889 S.W.2d 306, 309 (Tex.Crim.App. 1994). The purpose of a judgment nunc pro tunc is to correctly reflect from the court's records the judgment the court actually rendered but for some reason did not enter at the proper time. *Ex parte Dopps,* 723 S.W.2d 669, 670 (Tex.Crim.App. 1986); *Alvarez v. State,* 605 S.W.2d 615, 617 (Tex.Crim.App. [Panel Op.] 1980); *see* Tex. R. App. P. 23.1. Nunc pro tunc orders are for correction of clerical errors, not judicial errors. *Bates,* 889 S.W.2d at 309.

Whether an error is judicial or clerical in nature is a question of law. *Alvarez,* 605 S.W.2d at 617. A judicial error is the outcome of judicial reasoning. *Id.* Accordingly, a nunc pro tunc entry may be made to correct a judgment to properly reflect the trial court's actual ruling, but it may not be used to modify or add provisions to an order previously entered. *Ex parte Dickerson,* 702 S.W.2d 657, 658 (Tex.Crim.App. 1986). Here, relator's complaint is not that the judgment should be corrected to reflect the trial court's actual ruling, his contention is that the trial court committed error by providing in the judgment for his sentences to run consecutively. Because relator seeks to modify the trial court's judgment to delete its provision for his sentences to run consecutively, not merely to correct the judgment to reflect the trial court's actual ruling, the end relator seeks to accomplish may not be accomplished through a nunc pro tunc judgment.

It appears the substance of relator's complaint is the trial court denied him various constitutional guarantees by its cumulative sentencing order after he elected to go to the

jury on punishment. Post-conviction relief from a final felony conviction where the death penalty was not assessed is cognizable on a writ of habeas corpus. *See Ex parte Rich,* 194 S.W.3d 508, 511 (Tex.Crim.App. 2006); *Mizell v. State,* 119 S.W.3d 804, 806 (Tex.Crim.App. 2003); Tex. Code Crim. Proc. Ann. art. 11.01 (Vernon Supp. 2007) ("The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty."). The application for writ of habeas corpus must be filed in the court of original conviction, made returnable to the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. Ann. art. 11.07(3)(a), (b) (Vernon Supp. 2007). Appendix "F" to the Texas Rules of Appellate Procedure is the required form application for a writ of habeas corpus under Tex. Code of Crim Proc. Ann. art 11.07.

Relator has not brought forth a record sufficient to allow consideration of the merits of his claim. Moreover, even were the mandamus record complete, mandamus would not be available to compel the action relator seeks. Finally, it appears relator actually seeks post-conviction relief from a final felony conviction.

For the foregoing reasons, relator's petition for writ of mandamus is denied.

James T. Campbell
Justice

4