In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00031-CV

                                                ______________________________

 

 

 

                                                    IN
RE:  WENDELL WATSON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                            Memorandum
Opinion by Justice Moseley

                                                                              

                                                                              








                                                     MEMORANDUM 
OPINION

 

            Wendell Watson has filed a second
petition seeking a writ of mandamus against the judge of the 123rd Judicial District
Court of Panola County.  In this petition,
he lists a number of complaints and asks this Court to take various actions
based on those complaints.  He
specifically complains because the trial judge refused to make a written ruling
commemorating his verbal denial of Watson’s motion to correct the record nunc
pro tunc, and argues that he is entitled to a mandamus compelling the judge to
reduce his ruling to writing.  

            There are a number of cases
authorizing the use of a mandamus proceeding to obtain a ruling based on the
general concept that a trial judge must consider and
rule on a motion brought to the court’s attention within a reasonable amount of
time.  In re Blakeney, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008,
orig. proceeding); In re Bonds, 57 S.W.3d 456, 457 (Tex. App.—San
Antonio 2001, orig. proceeding). 
Further, in some circumstances, a mandamus is available to address a
trial judge’s ruling on a motion for entry of a judgment nunc pro tunc.  In re
Bridges, 28 S.W.3d 191, 195 (Tex. App.—Fort Worth 2000, orig. proceeding). 

            A nunc pro tunc order is used by a
court to make its records speak the truth by correcting the judgment at a later
date to reflect what actually occurred at trial.  Ex
parte Dickerson, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986).  Nunc pro tunc orders may be used only to
correct clerical errors in judgments in which no judicial reasoning contributed
to their entry, and for some reason were not entered of record at the proper
time.  Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986); State v. Bates, 889 S.W.2d 306, 309
(Tex. Crim. App. 1994).  

            There is no recognition either in the
cases or in the rules for the concept of a motion or an order by the trial
judge to correct an appellate record “nunc pro tunc,” as opposed to an order
entered by the judge to correct its own judgment.  Tex.
R. Civ. P. 316.  Further, Rule 316
of the Texas Rules of Civil Procedure, allowing for the correction of clerical
mistakes in the record of any judgment (nunc pro tunc), applies only to final
judgments.  In re Lausch, 177 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.]
2005, orig. proceeding). 

            This, however, does not involve a
request for a judgment nunc pro tunc.  It
instead seeks correction of alleged shortfalls in the appellate clerk’s
record.  Supplementation of an incomplete
appellate record, or correction of an appellate record in which pages are
omitted, is made through application of Tex.
R. App. P. 34.5(c)(1), (d), (h). 
The request made of the trial judge was not one contemplated or
authorized by the rules, and we will therefore not conclude that he abused his
discretion either by refusing to sign a written order thereon, or by verbally
denying the motion.

            Watson also complains in passing
that the Panola County Law Library is not adequate to meet his needs.  He has directed us to neither an authority
requiring a particular level of library facility to be maintained by a county,
nor is it apparent how a mandamus against the trial judge would be available
for such a complaint.

            Mandamus relief is appropriate only
if the court clearly abused its discretion and the relator has no adequate
remedy by appeal.  In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex. 2008) (orig.
proceeding); In re Prudential Ins. Co. of
Am., 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).  After reviewing the mandamus record and
petition, we conclude that the relator failed to establish his entitlement to
mandamus relief.  Accordingly, we deny the
petition for writ of mandamus.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          May 5, 2010

Date
Decided:             May 6, 2010