**Affirmed and Memorandum Opinion filed February 28, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-01141-CR

### EX PARTE WOODROW MILLER, Appellant

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 876249-D**

## M E M O R A N D U M   O P I N I O N

Appellant appeals the trial court's nunc pro tunc order denying his application for writ of habeas corpus. In eight issues appellant contends (1) the trial court did not have plenary power to issue the judgment nunc pro tunc; (2) the modification made by the trial court in its nunc pro tunc judgment is judicial, not clerical; (3) this court does not have jurisdiction over trial court cause number 876249-E; (4) the trial court's judgment does not comply with article 11.072 of the Code of Criminal Procedure; (5) the trial court has failed to address appellant's applications for habeas relief filed after January 13, 2009; (6) the trial court failed

to address appellant's applications for habeas relief filed March 15, 2006; (7) the trial court failed to process appellant's notice of appeal filed October 31, 2008; and (8) the trial court abused its discretion by granting judgment to the State for unpleaded actions. We affirm.

## Procedural Background

On May 20, 2002, appellant pleaded nolo contendere to the offense of indecency with a child in trial court cause number 876249. The trial court deferred a finding of guilt and placed appellant on deferred adjudication probation for seven years. Appellant appealed his deferred adjudication, but the appeals were dismissed. *Miller v. State*, No. 14-04-00740-CR, 2004 WL 2187136 (Tex. App.—Houston [14th Dist.] Sept. 30, 2004, pet. ref'd) (not designated for publication); *Miller v. State*, No. 14-06-00293-CR, 2006 WL 1140661 (Tex. App.—Houston [14th Dist.] April 27, 2006, pet. ref'd) (not designated for publication). The appellant also challenged his deferred adjudication in a prior application for writ of habeas corpus; the denial of relief was affirmed on appeal. *Ex parte Miller*, No. 14-07-00532-CR, 2008 WL 1795053 (Tex. App.—Houston [14th Dist.] April 22, 2008, pet. ref'd) (not designated for publication).

On October 17, 2008, appellant's guilt was adjudicated and he was sentenced, pursuant to a plea bargain agreement with the State, to four years in prison. On that same date, appellant filed his fourth application for writ of habeas corpus in trial court cause number 876249-D. On October 30, 2008, the trial court denied appellant's application as frivolous pursuant to article 11.072 § 7(a) of the Texas Code of Criminal Procedure. This Court dismissed that appeal because the appellant did not timely file his notice of appeal. *Ex parte Miller*, No. 14-12-00434-CR, 2012 WL 6018081 (Tex. App.—Houston [14th Dist.] Dec. 4, 2012, no pet.) (not designated for publication).

On November 13, 2012, the trial court entered judgment nunc pro tunc in cause number 876249-D. The nunc pro tunc judgment corrected the October 30, 2008 judgment to reflect all references to appellant's application were in cause number 876249-D, rather than 876249-A and 876249-E. On December 7, 2012, appellant filed a timely notice of appeal.

## Standard of Review

The decision to grant or deny an application for writ of habeas corpus is one within the trial court's discretion and may be overturned only if the appellate court finds the trial court abused its discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). The reviewing court must defer to all of the trial court's implied factual findings supported by the record. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006).

## Discussion

In his first two issues, appellant contends the trial court acted outside its plenary jurisdiction by correcting a judicial error, not a clerical error.

The purpose of a nunc pro tunc order is to correctly reflect in the records of the trial court the judgment it actually made, but did not enter of record at the proper time. *Johnson v. State*, 233 S.W.3d 420, 425 (Tex. App.—Fort Worth 2007, pet. ref'd). Therefore, before a judgment nunc pro tunc may be entered, there must be proof the proposed judgment was actually rendered or pronounced at an earlier time. *Jones v. State*, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990). A judgment nunc pro tunc is improper when it has the effect of making a new or independent order. *Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986). The nunc pro tunc entry may be made to correct a judgment to properly reflect the actual order but may not be used to modify or add provisions to an order

previously entered. *Id*. A correction can be made to reflect what actually happened at trial by entry of a nunc pro tunc judgment, "but correction can be only as to what was done and not as to what should have been done." *Ex parte Dopps*, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986).

The original judgment in cause number 876249-D contained two typographical errors. The first one referred to "the instant habeas application, cause number 0876249-A," when the judgment was actually for cause number 0876249-D; therefore, the judgment nunc pro tunc properly corrected that error. The second typographical error occurred when the trial court recited that it "adopts the State's Proposed Findings of Fact, Conclusions of Law and Order in cause number 0876249-E." The court changed that recitation to read, "the Court adopts the State's Proposed Findings of Fact, Conclusions of Law and Order in cause number 0876249-D."

A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered by the court, and does not arise from judicial reasoning or determination. *See Escobar v. Escobar*, 711 S.W.2d 230, 231–32 (Tex. 1986). A judicial error, on the other hand, occurs in the rendering, as opposed to the entering, of a judgment. *Id.* at 231.

In this case, the original judgment was in cause number 876249-D. The inadvertent references to two other applications filed by appellant in cause numbers 876249-A and 876249-E were clerical errors capable of correction by judgment nunc pro tunc. Because the errors were typographical errors only, the trial court did not err in rendering judgment nunc pro tunc. Appellant's first two issues are overruled.

In his third issue, appellant contends this court does not have jurisdiction over trial court cause number 876249-E. The record reflects an appeal from cause

4

number 876249-D; there is no judgment or notice of appeal in this record from cause number 876249-E. Therefore, appellant is correct that this court does not have jurisdiction over cause number 876249-E. However, this court's lack of jurisdiction over another judgment does not affect the judgment nunc pro tunc entered in this appeal.

In issues four through eight, appellant complains of the trial court's action or inaction with regard to the original judgment. If the trial court corrects a mistake by judgment nunc pro tunc after expiration of the court's plenary power, the court of appeals has no authority to hear any complaint that could have been presented in an appeal from the original judgment. *In re A.L.S.*, 338 S.W.3d 59, 71 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Therefore, we do not have authority to review appellant's fourth through eighth issues.

The judgment of the trial court is affirmed.

PER CURIAM


Panel consists of Justices Christopher, Jamison, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).