

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00174-CR

JAMIE LEE BLEDSOE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 17-0125X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After a jury found Jamie Lee Bledsoe guilty of burglary of a building and made findings that he had two prior felony convictions, thus enhancing his range of punishment, the trial court sentenced him to twenty years' imprisonment. Bledsoe appeals, claiming improper sentence enhancement based on insufficient notice and insufficient evidence and also claiming fundamental error because of the court reporter's failure to transcribe the jury's verdict, the trial court's acceptance of the verdict, and the polling of the jurors. We affirm the trial court's judgment, because (1) no issue was preserved regarding the notice of intent to enhance punishment, (2) sufficient evidence existed to prove Bledsoe's prior conviction for possession of a controlled substance, and (3) the failure to transcribe court proceedings was not fundamental error.

*(1)    No Issue Was Preserved Regarding the Notice of Intent to Enhance Punishment*

The State charged Bledsoe with the offense of burglary of a building, which is a state jail felony. *See* TEX. PENAL CODE ANN. § 30.02 (West Supp. 2017).[1] The State also filed a notice of

---

[1]Section 30.02 of the Texas Penal Code states, in part,

(a)    A person commits an offense if, without the effective consent of the owner, the person:

(1)    enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or

(2)    remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or

(3)    enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

. . . .

(c)    Except as provided in Subsection (c-1) or (d), an offense under this section is a:

(1)    state jail felony if committed in a building other than a habitation; or

2

intent to seek enhanced punishment due to Bledsoe's prior convictions.[2] Bledsoe contends, however, that the State's notice was untimely, arguing, under a due process analysis, "the issue is whether appellant received sufficient notice of the enhancements so that he had an opportunity to prepare a defense to them." *See Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010).

A defendant's right to receive notice of the State's intention to use prior convictions as enhancements is rooted in due process. *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006). Thus, prior convictions used as enhancements must be pled in some form so the defendant has an opportunity to prepare a defense to them. *Pelache*, 324 S.W.3d at 577; *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). "[T]he determination of whether proper notice of

---

<div style="margin-left:2em">

(2)    felony of the second degree if committed in a habitation.

TEX. PENAL CODE ANN. § 30.02(a), (c).

[2]Paragraph A of the State's notice reads,

> And it is further presented that, prior to the commission of the charged offense (hereinafter styled the primary offense), on the 7th day of December, 1990, in cause number 90-213X in the 71st District Court of Harrison County, Texas, the defendant was finally convicted of the felony offense of Theft.

> And it is further presented that, prior to the commission of the primary offense, and after the conviction in cause number 90-213X was final, the defendant committed the felony offense of Possession of a Controlled Substance and was finally convicted on the 8th day of February, 2001, in cause number 99-0124X in the 71st District Court of Harrison County, Texas.

Paragraph B of the State's notice reads,

> And it is further presented that, prior to the commission of the charged offense (hereinafter styled the primary offense), on the 7th day of December, 1990, in cause number 90-213X in the 71st District Court of Harrison County, Texas, the defendant was finally convicted of the felony offense of Theft. And it is further presented that, prior to the commission of the primary offense, and after the conviction in cause number 90-213X was final, the defendant committed the felony offense of Escape and was finally convicted on the 27th day of June, 2000, in cause number 00CR-15,197 in the 123rd District Court of Shelby County, Texas.

</div>

enhancements was given does not require that notice be given within a particular period of time before trial or before the guilt phase is completed." *Pelache*, 324 S.W.3d at 577. "[W]hen a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, [even] notice given at the beginning of the punishment phase satisfies" due process requirements. *Villescas*, 189 S.W.3d at 294–95; *Pelache*, 324 S.W.3d at 576–77 ("post-guilt, pre-punishment-phase notice" of State's intent to enhance punishment did not violate appellant's due-process rights).

The State filed its notice of intent to enhance Bledsoe's range of punishment on June 26, 2017. Bledsoe's trial began on July 17, 2017. Bledsoe states, "[T]he 20-day notice [he] received would seem sufficient. However, in light of his request for a continuance on that express ground, such notice was not sufficient." The State maintains Bledsoe waived this issue on appeal because he failed to present it to the trial court.

To preserve this complaint for our review, Bledsoe must have put before the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2). Moreover, "[t]he point of error on appeal must correspond or comport with the objection made at trial." *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998); *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)).

4

Here, Bledsoe raised an objection to the State's enhancement notice at a pretrial hearing held July 14, 2017. At that time, Bledsoe objected to the State's notice of enhancement pursuant to Article 28.10 of the Texas Code of Criminal Procedure:[3]

> Article 28.10(c) is going to be violated if the State is allowed to go forward with their Enhancement, which they have put us on notice. They gave us more than ten days and certified copies of his prior felony criminal records, which there are several that are not State Jail felony records. They intend to enhance him to a Second Degree if he is found guilty.

The trial court responded, "We can deal with that in the Punishment Phase if we get that far."

Bledsoe's objection was based on potential notice issues relating to the amendment of the indictment, not notice issues relating to the timeliness of the State's notice of intent to enhance Bledsoe's punishment. Thus, the basis for Bledsoe's objection during the pretrial hearing differs from his contention on appeal.[4] Moreover, Bledsoe obtained no adverse ruling on his objection at the pretrial hearing.

---

[3]Article 28.10 of the Texas Code of Criminal Procedure states,

> (a)　　After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

> (b)　　A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

> (c)　　An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

TEX. CODE CRIM. PROC. ANN. art. 28.10 (West 2006).

[4]In his objection, Bledsoe appears to have conceded that the State provided him with a timely enhancement notice when he stated, "They gave us more than ten days and certified copies of his prior felony criminal records[.]"

5

However, after the jury returned a guilty verdict, but before the punishment phase of the trial began, Bledsoe stated, "Your Honor, we will object to the reading of the enhancement paragraph in that it is insufficient based on due process. That he was not . . . given notice timely to defend that." Bledsoe then asked for a continuance so he could address the enhancement effort by the State. The trial court denied Bledsoe's oral motion for a continuance.[5] Bledsoe contends that when the trial court denied his motion for continuance, it also overruled his objection to the State's enhancement notice; and, therefore, he did not waive the issue on appeal. Assuming, without finding, that Bledsoe did not waive this issue, his contention remains without merit. The Texas Court of Criminal Appeals has explained that there is no particular time period in which notice must be given to a defendant, stating, "[D]ue process does not even require that the notice be given before the guilt phase begins, much less that it be given a number [of] days before trial." *Villescas*, 189 S.W.3d at 294. In making a determination, an appellate court must "look to the record to identify whether the appellant's defense was impaired by the timing of the State's notice." *Pelache*, 324 S.W.3d at 577. In this case, the State provided Bledsoe with its enhancement notice twenty days prior to the date trial commenced. Bledsoe has not shown, nor does the record reflect, how the State's approximate three-week notice of its intent to enhance punishment prevented Bledsoe from preparing his defense.

We overrule this issue.

---

[5]As pointed out by the State, "A motion for continuance not in writing and not sworn preserves nothing for review." *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999).

*(2)*     *Sufficient Evidence Existed to Prove Bledsoe's Prior Conviction for Possession of a Controlled Substance*

Bledsoe pled "not true" to the enhancement paragraphs as contained in the State's notice. On appeal, he contends there was insufficient evidence to prove that he had been convicted of the offense of possession of a controlled substance as alleged in Paragraph A of the State's enhancement notice.[6] Section 12.425 of the Texas Penal Code allows the penalty for such a crime to be increased for repeat or habitual felony offenders on trial for a state jail felony, provided that,

> [i]f it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, other than a state jail felony punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2017).  Therefore, the State was required to show that Bledsoe had been finally convicted of theft on December 7, 1990, and that he was finally convicted of possession of a controlled substance on February 8, 2001, both convictions having been entered before the commission of the charged offense.[7]

In support of his assertion, Bledsoe points to "discrepancies" relating to his prior conviction for possession of a controlled substance.  The record shows that the original judgment of conviction

---

[6]In reviewing legal sufficiency of the evidence in the punishment phase, we view the evidence in a light most favorable to the trial court's ruling and then determine whether a rational trier of fact could make the finding beyond a reasonable doubt.  *Banda v. State*, 890 S.W.2d 42, 49–50 (Tex. Crim. App. 1994).

[7]Bledsoe concedes that the State offered, and the trial court admitted, "a stack of [his] prior convictions," including the judgment of conviction for possession of a controlled substance, and the subsequent nunc pro tunc judgment relating to the same conviction.  On appeal, Bledsoe complains only of the evidentiary sufficiency of his conviction for possession of a controlled substance.

for the possession charge was February 8, 2001; however, on October 31, 2003, the trial court signed and entered a judgment nunc pro tunc in the case. The judgment nunc pro tunc, like the original judgment, also reflected a conviction date of February 8, 2001. Regardless, Bledsoe maintains that, for purposes of enhancement, he was finally convicted of the charge of possession of a controlled substance on October 31, 2003, the date the trial court signed the judgment nunc pro tunc. Bledsoe maintains that the purpose of the State's enhancement notice is to identify the conviction at issue.

> Accordingly, such an error could mislead a defendant from identifying the conviction and locating relevant information. Accordingly, this Court should find that the second date of October 31, 2003[,] controls over the original date of February 8, 2001, or that it must be plead and proved. As such, insufficient evidence supported the enhancement as alleged in the enhancement notice.

We disagree.

"Nunc pro tunc literally means 'now for then,' and describes the inherent power possessed by a court to make its record speak the truth by correcting the record at a later date to reflect what actually occurred at trial." *Dickson v. State*, 988 S.W.2d 261, 263 (Tex. App.—Texarkana 1998, pet. ref'd) (quoting *Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986)). "The purpose of a nunc pro tunc order is not to make, and it does not have the legal effect of making, a new and independent order." *Id.* "When a judgment *nunc pro tunc* is entered in a criminal case to correct the written record, its force and effect relates back to the date the original judgment was

8

pronounced." *Estrada v. State*, No. 08-04-00365-CR, 2006 WL 2328486, at *3 (Tex. App.—El Paso Aug. 10, 2006, pet. ref'd) (not designated for publication).[8]

In this case, the nunc pro tunc judgment of conviction, although dated and entered on October 31, 2003, clearly shows the original judgment date as February 8, 2001. Moreover, the record reflects that the trial court entered the nunc pro tunc judgment in order to correct the amount of time Bledsoe should have been awarded for the time he had served in jail. Despite Bledsoe's speculative claim that "such an error *could* mislead a defendant from identifying the conviction and locating relevant information," (emphasis added), he has failed to show how the State's allegedly inadequate notice was misleading to him or how it prevented him from preparing a defense. In the record before us, there was sufficient evidence to support Bledsoe's 2001 judgment of conviction for possession of a controlled substance.

We overrule this issue.

*(3)    The Failure to Transcribe Court Proceedings Was Not Fundamental Error*

Bledsoe also contends that his trial contained fundamental error because the court reporter failed to record (1) the jury's verdict, (2) the trial court's acceptance of the verdict, and (3) the polling of the jury. "The official court reporter or court recorder must: (a) attend court sessions and make a full report of the proceedings unless excused by agreement of the parties." TEX. R. APP. P. 13.1(a). Various appellate courts have addressed situations where court reporters have failed to record proceedings. "This Court, the Eastland and the Corpus Christi Courts of Appeals

---

[8]Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

have held that the court reporter has a duty to record all proceedings unless a party expressly waives his or her right to have a court reporter record the proceedings." *Schindley v. State*, 326 S.W.3d 227, 231 (Tex. App.—Texarkana 2010, pet. ref'd) (op. on reh'g) (citing *Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 161 (Tex. App.—Texarkana 2005, no pet.); *Smith v. State*, 114 S.W.3d 66, 70 (Tex. App.—Eastland 2003, pet. ref'd); *Tanguma v. State*, 47 S.W.3d 663, 670 (Tex. App.—Corpus Christi 2001, pet. ref'd), *overruled in part by Valle v. State*, 109 S.W.3d 500, 508–09 (Tex. Crim. App. 2003)). While the failure of a court reporter to transcribe the proceedings constitutes error in violation of Rule 13.1(a) of the Texas Rules of Appellate Procedure, unless such error is properly preserved, the appellate court may not review it. *Valle*, 109 S.W.3d at 508–09.

"As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . ." TEX. R. APP. P. 33.1(a). In this case, the record contains no indication that Bledsoe made an objection to the court reporter's failure to record the proceedings. However, even if Bledsoe had preserved this issue for our review, his contention remains without merit.

There are two kinds of error in criminal cases:

> (a) *Constitutional Error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or the punishment.

> (b) *Other Errors.* Any other error, defect, irregularity, or variance that does not affect the substantial rights must be disregarded.

10

TEX. R. APP. P. 44.2. "The failure of the court reporter to record the reading of the charge to the jury does not rise to the level of constitutional error." *Brossette v. State*, 99 S.W.3d 277, 285 (Tex. App.—Texarkana, pet. dism'd) (citing *Tanguma*, 47 S.W.3d at 677) (failure to record bench conference is nonconstitutional error). When nonconstitutional error is found to be present, an appellate court must disregard any error that does not have "a substantial and injurious effect or influence in determining the jury's verdict." *Id.* (citing *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)); *see* TEX. R. APP. P. 44.2. A defendant's conviction should not be overturned for nonconstitutional error if, after examining the record as a whole, an appellate court has a fair assurance the error did not influence the jury, or had but a slight effect. *Brossette*, 99 S.W.3d at 285 (citing *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)); *Tanguma*, 47 S.W.3d at 677.

In this case, the failure of the court reporter to record the complained-of proceedings was error because it violated Rule 13.1 of the Texas Rules of Appellate Procedure. It was not, however, a constitutional violation, and there is no evidence that the error influenced the jury's decision. We overrule this issue.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:     April 30, 2018
Date Decided:       May 8, 2018

Do Not Publish