

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-24-00208-CR

## IN RE TODD WARREN ALTSCHUL

---

## Original Proceeding

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 91-281-C

---

## MEMORANDUM OPINION ON REHEARING

---

We deny the motion for rehearing filed by Relator Todd Warren Altschul. However, we withdraw our opinion and judgment dated December 5, 2024 and substitute this opinion and its associated judgment in their place.

Relator, Todd Warren Altschul, proceeding pro se, filed a petition for writ of mandamus in this Court. *See* TEX. GOV'T CODE ANN. § 22.221; TEX. R. APP. P. 52. In the petition, Relator asks this Court to direct the Honorable Susan Kelly, Judge of the 54th District Court of McLennan County, to recuse herself from ruling on his motion for nunc

pro tunc judgment in cause number 91-281-C or refer the matter to the regional presiding judge for the Third Administrative Judicial Region.

On May 14, 1991, Relator was convicted of theft in trial court cause number 91-281-C. Due to a late notice of appeal, his appeal was dismissed. *See Altschul v. State*, No. 10-97-00267-CR (Tex. App.—Waco October 22, 1997, no pet.) (mem. op., not designated for publication) (per curiam). In 2023, he filed a motion for nunc pro tunc judgment in the trial court to have the judgment corrected to reflect the number of days he claims to have spent in jail before judgment was rendered. He also filed a motion for recusal of Respondent in an effort to keep her from ruling on his motion for nunc pro tunc judgment. *See* TEX. R. CIV. P. 18a. Respondent did not rule on the motion for nunc pro tunc judgment. Respondent did not rule on his motion to recuse or refer it to the regional presiding judge for disposition. *See id.* R. 18a(f). In this original proceeding, Relator requests this Court to issue a mandamus to compel Respondent to recuse herself or refer the matter to the regional presiding judge.

Relator has the burden to properly request and show entitlement to mandamus relief. *See* TEX. R. APP. P. 52.3; *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). To be entitled to mandamus relief, the Relator must show that (1) he has no adequate remedy at law to redress his alleged harm, and (2) what he seeks to compel is a ministerial act, not a discretionary act. *In re Powell*, 516 S.W.3d 488, 494-95 (Tex. Crim. App. 2017) (orig. proceeding). Further, Relator has the burden of

providing this Court with a sufficient record to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a); *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). A court has a ministerial duty to rule on a properly filed and timely presented motion, although it generally has no ministerial duty to rule a certain way on that motion. *In re Allen*, 462 S.W.3d 47, 50 (Tex. Crim. App. 2015) (orig. proceeding). An act is ministerial if the Relator can show a clear right to the relief sought, meaning that the merits of the relief sought are beyond dispute. *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding).

The rules of civil procedure concerning recusal of judges apply in criminal cases. *See De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding). A party in a case in any trial court other than a statutory probate court or justice court may seek to recuse or disqualify a judge who is sitting in the case by filing a motion with the clerk of the court in which the case is pending. TEX. R. CIV. P. 18a(a).

A cause is no longer pending after the trial court's plenary power has expired. *See Schwartz v. Jefferson*, 520 S.W.2d 881, 885-86 (Tex. 1975) (orig. proceeding). Here, the trial court's plenary power expired over thirty years ago. A trial court may correct clerical errors by use of a judgment nunc pro tunc after its plenary jurisdiction expires. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). But neither filing a motion for a nunc pro tunc judgment nor entry of a judgment nunc pro tunc revives or reopens the case after expiration of the trial court's plenary jurisdiction. *See Ex parte Dickerson*, 702 S.W.2d

657, 658 (Tex. Crim. App. 1986) (Holding that a nunc pro tunc order does not have the legal effect of making a new and independent order.). Relator's 1991 theft case is no longer pending. Therefore, he may not seek to recuse or disqualify Respondent. *See* TEX. R. CIV. P. 18a(a).

Accordingly, Relator has failed to meet his burden of proof to obtain relief. *See In re Powell*, 516 S.W.3d at 494-95. Therefore, we deny the July 5, 2024 petition for writ of mandamus filed by Relator Todd Warren Altschul.[1]

STEVE SMITH
Justice

Before Justice Smith,
       Justice Davis,[2] and
       Justice Rose[3]
Petition denied
Opinion issued and filed December 30, 2024
[OT06]



---

[1] All pending motions are dismissed as moot.

[2] The Honorable Rex Davis, Senior Justice (Retired) of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.

[3] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.